IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY BEMENT                                                                                          PLAINTIFF

v.                                    CIVIL NO. 23-3010

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tammy Bement, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 7, 2017, alleging an inability to work since July 7, 2016, due to degenerative disc disease, a spinal fusion, fibromyalgia, a hypoactive thyroid, high blood pressure, anxiety, and depression. (Tr. 71, 241). For DIB purposes, Plaintiff maintained insured status through December 31, 2019. (Tr. 12, 255). An administrative video hearing was held on November 4, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 37-69).

By written decision dated December 22, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found through the date last insured Plaintiff had the following severe

1

impairments: degenerative disc disease of the lumbar spine status post two surgeries. However, after reviewing all the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and occasionally stoop, kneel, crouch, and crawl.

(Tr. 17). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as a door-to-door sales representative, and other work as a collator operator, a power screwdriver operator, and a routing clerk. (Tr. 25-26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 13, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence

in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

**III.     Discussion:**

The regulations governing the consideration of medical opinions were revised for claims filed on or after March 27, 2017. Plaintiff filed her claim for DIB on July 7, 2017. Accordingly, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion.

In this case, the ALJ's discussion of the non-examining medical consultants' opinions consists of the following:

> [S]tate agency medical examiners Drs. Clarence Ballard and Abesie Kelly and Drs. Lucy Sauer and Diane Kogut reviewed the record at the initial and reconsideration levels, respectively, and found the claimant had one severe impairment (disorders of the back), two nonsevere impairments (depression and anxiety), and was able to perform work at the sedentary exertional level with occasional climbing, balancing, stooping, kneeling, crouching, and crawling…Although these professionals were non-examining, they are well-versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended. They reviewed the medical evidence of record and provided specific reasons to support their assessments based on the evidence available to them. The undersigned finds that their conclusion of nonsevere mental impairments persuasive due to consistency with the treatment records, which showed generally mild depression during screenings and no initiation of counseling until just prior to her date last insured. However, regarding physical limitations, the undersigned finds that the claimant was less physically impaired, based on the often mild exam findings.

(Tr. 24-25).

In this case, ALJ failed to articulate the persuasiveness given to the medical opinions regarding Plaintiff's physical capabilities (Drs. Ballard and Sauer) and failed to discuss the two factors of supportability and consistency with respect to these medical opinions. The ALJ's failure to comply with the opinion-evaluation Regulation is a legal error that warrants remand. *Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination). On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of December 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE